FILED
·SUPERIOR COURT
OF GUAM

2014 APR -8 PM 4: 16

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

HUGH LESLIE SULE,

         Plaintiff,

    vs.

MIKA INAYOSHI-SULE,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case No. DM 0126-08

**DECISION AND ORDER**

This matter came before the Honorable Judge Michael J. Bordallo on March 5, 2014. Plaintiff was represented by attorney Jeffery A. Cook. Defendant was represented by attorney Seaton M. Woodley, III. The hearing was conducted to resolve the pending motions for order to show cause and to modify the marital settlement agreement. After hearing the evidence presented and having carefully reviewed the Parties' decree the Court enters the following order granting in part the Parties' requests.

### BACKGROUND

On September 30, 2008, the Court entered an Interlocutory Divorce Decree which allowed for the entry of a final decree of divorce in six months and incorporated the Parties' Consent and Marital Settlement Agreement. The marital settlement agreement in part provided:

1. Defendant shall have legal and physical custody of the minor children and Plaintiff shall have reasonable rights of visitation;



2. Plaintiff shall pay wife $1,000.00 per month per child for child support and $1,000.00 per month for spousal support;

3. Plaintiff shall pay the private school costs and tuition of the children, tuition being approximately $1,300.00 each month, depositing funds in the Citibank account listed within 30 days of presentation of a bill or invoice;

4. Plaintiff shall pay the costs of the children's extra-curricular activities, such as ballet, piano lessons, hula dancing, concerts, soccer, and other sports, depositing funds in the Citibank account listed within 30 days of presentation of a bill or invoice; and

5. Plaintiff shall pay the round trip airfare for at least two trips each year from Guam to Japan for Defendant and children, paying the lower of $1,800.00 or the actual ticket cost for each trip, depositing funds in the Citibank account listed within 30 days of presentation of a bill or invoice.

On June 14, 2013, Plaintiff filed a motion for an order to show cause re: violation of marital settlement agreement & motion to modify agreement. In it he alleges Defendant refuses: to allow him visitation with the minor children, to allow his participation in raising the children and substantiation for expenditures. Plaintiff requests the termination of the settlement agreement and an order terminating alimony, awarding him joint custody, a redetermination of child support as determined by Guam's statutory guidelines and an award of attorney fees. In support of these requests Plaintiff asserts a material change in his financial circumstances and argues a material breach of the marital settlement agreement. Plaintiff also asserts that Defendant's failure to adhere to the mediation clause allows for the award of his attorney fees.

On June 21, 2013, Defendant filed a motion for order to show cause in re contempt. In it Defendant asserts that Plaintiff has failed to comply with the Court's payment orders arising out of the Parties' decree of divorce and the Court's December 21, 2012 order. Defendant also

asserts that Plaintiff has failed to provide as ordered, an accurate copy of this tax return Form 1040SS. She argues that Plaintiff has failed to meet the affirmative burden of showing his inability to pay the support amounts. Defendant requests that Plaintiff be found in contempt, incarcerated for two days and ordered to pay her attorney fees.

On the same day Defendant also filed an opposition to motion to modify marriage settlement agreement. In it Defendant identifies the inconsistencies in Plaintiff's assertions and argues that Plaintiff's motion lacks sufficient verifiable facts to support modification or termination. Defendant asserts that in 2011 Plaintiff's tax returns reveal an income of $406,507.00 and argues that prior to modification Plaintiff should be required to provide a complete financial record. Defendant further requests and argues that the issues of support and visitation be separated.

## DISCUSSION

### I. Contempt

In 2003 the Guam Supreme Court explained the elements required for a court to find a party in contempt of a prior order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. The Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Id.* (citations omitted). As explained by the *Rodriguez* Court, "where the order is a family law order for payment of support or attorney fees, and the family law court has already determined the alleged contemner's [sic] ability to pay the underlying order, ability to comply with the order is not an element of the contempt. Instead, the inability to pay is an affirmative defense." *Id.* (citations omitted). While the domestic order at issue was entered through stipulation and did not require a specific finding of ability to comply, the Court finds that by its nature the agreement carries the same weight as a domestic order where the issue of ability to comply is

heard and decided. To find otherwise would contravene both logic and the sound public policy of encouraging the mutual settlement of disputes.

In this case both Parties presented evidence of a valid order, its terms, the Parties' knowledge of the order, their ability to comply and their mutual failure to obey the terms of the order. The Court finds that Defendant, contrary to the terms of the order, has not complied with the order's grant of reasonable visitation. It was evident from the testimony presented that Defendant had the ability to comply and failed to comply with this term. Likewise the Court finds that Plaintiff unjustifiably failed to provide Plaintiff with the support ordered.

At the hearing Plaintiff presented, evidence of a change in financial circumstances. He argues that it has significantly encumbered his prior income. However while the Court finds that the expenses may merit a reconsideration of the support ordered it does not find that there was sufficient evidence affirmatively presented to adequately support a finding of inability to comply in some part with the order. Plaintiff generally and specifically testified that he had very little knowledge of his finances. Through his office manager he presented evidence of large debts and expenses, however, there was no evidence of how he previously or presently, prioritized and budgeted his spousal and child obligations, in part or in full. Absent this the Court is unable to support a finding of inability to comply. *Rodriguez*, 2003 Guam 8 ¶ 15.

## II. Spousal Support

Section 8405 of Title 19 of the Guam Code regulates the ability of a court to modify a prior order of spousal support. 19 GCA § 8405 (2013). As explained by the Guam Supreme Court in 2012, a Court must first determine whether the support award was integral to the property settlement agreement. *Lujan v. Lujan*, 2012 Guam 7 ¶ 24. In *Lujan* the Court explained that,

Guam law allows a husband and wife to contract with one another with respect to

> the support of each other and with respect to their property rights.
>
> . . . .
>
> Such "property settlement agreements" occupy a favored position in the law. The agreements are usually made with the advice of counsel after careful negotiations, and the courts prefer agreement rather than litigation.
>
> . . . .
>
> Where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree, such a decree may not be vacated or modified as to such property provisions in the absence of fraud or gross inequity.

*Id.* ¶¶ 21-3 (citations omitted). The Court held that spousal support awards generally fall into three categories: 1) "the support provisions are in the nature of alimony, whether in lump sum or periodic payments, and are 'separable from the provisions that divide the property;'" 2) "contracts where the support provisions are not in the nature of alimony but are part of the parties' division of property, including agreements that provide solely for the payment of periodic or lump sums 'in lieu of community property;'" and 3) "contracts in which the husband or wife waives all support and maintenance, or all support and maintenance except as provided in the agreement, in consideration of receiving a more favorable division of the community property." *Id.* at ¶¶ 24-26.

In this case, unlike *Lujan*, the agreement separately identifies a section were a spousal support amount of $1,000.00 each month until she dies or remarries is listed. Defendant does not dispute, nor, based upon the generous division of property to her in the settlement agreement, does the Court find that it would be persuasive to argue that this spousal amount was an integrated part of a negotiated division of property. Accordingly, as provided by statute and *Lujan*, the Court may, "from time to time, modify its order," as it deems "just, having regard to the circumstances of the parties respectively." *Id.* at ¶ 27; 19 GCA § 8405 (2013). The statutory standard for determining support requires a court "to make such suitable allowance to the other spouse for that person's support, during that person's life or for a shorter

period."

Here the Court finds, from the evidence of Defendant's property, divorce assets and skills as a tax advisor and event planner, that she is capable of adequately providing for her individual financial needs. Moreover the Court finds that Plaintiff has presented sufficient facts to justify a finding that his current financial circumstances justify the termination of Plaintiff's spousal support obligation. He is currently encumbered with significant, credit card debt and unpaid attorney fees incurred in legal actions which continue to threaten his professional licensure and his ability to earn income.

**III. Child Support and Child Custody**

**i.**

Section 8405 of Title 19 of the Guam Code also regulates the ability of a court to modify child support. The Guam Code requires that the change be supported by specific factual findings that the change is substantial and material. *Rodriguez*, 2003 Guam 8 ¶ 7; 5 GCA § 34121 (2013). Section 84118 of Title 5 of the Guam Code and section 1207 of Title 19 of the Guam Rules of Administrative Procedure provide that every 36 months a prior order of child support may be reviewed without a showing of material change in circumstance. 5 GCA § 84118 (2013); 19 GAR § 1207 (2013).

In this case the Court finds that each of the above requirements has been established. *Id.* More than 36 months have passed since the entry of the order requiring the payment of support. The Court further finds that the litigation expenses evidenced at the hearing are sufficient to support a finding of substantial and material change in these circumstances. 5 GCA § 34121 (2013). At the hearing Plaintiff testified and introduced evidence of extra-ordinary legal expenses pertaining to a possible challenge to his professional licensure as a dentist. He testified that the issues have yet been resolved and that he does not anticipate them to be

resolved quickly. The payment of these expenses and the possible outcome of the challenges are directly relevant to the Plaintiff's ability pay the child support amounts indicated and merit a finding of material change. *Id.*

**ii.**

Subsection 8404(f) of Title 19 of the Guam Code regulates when an order of child custody may be modified. 19 GCA § 8404(f). It provides, "[a]ny custody award shall be subject to modification or change whenever the best interests of the child require or justify such modification or change." *Id.*

The order of custody in this matter in pertinent part provides,

> Defendant [Wife] shall have legal and physical custody of the minor children of the parties, to wit: Michael Kojiro Sule (a son born July 11, 1996) and Michelle Kyoko Sule (a daughter, bourn January 21, 2003). Plaintiff [husband] shall have reasonable rights of visitation as mutuall agree upon by the parties.

*Sule v. Sule*, DM0126-08 at Ex. A (Super Ct. Guam Sept. 30, 2008). Pursuant to that order, on September 30, 2008, Defendant was awarded the legal and physical custody of the minor children. On the same date Plaintiff was awarded reasonable rights of visitation. While the order indicates that Plaintiff is entitled to reasonable mutually-agreed visitation, it fails to identify any stipulated subjective or objective weekend or weeknight base-amount standard.

Based upon the evidence before it, the Court finds Plaintiff is entitled, commencing at the date of entry of this order, to custodial visits with his minor children every other weekend, three consecutive weeks during the summer or the time period the children are not enrolled in school and alternating legal holidays. He is further entitled to the status of joint legal custodian, able to access and provide input into all the significant health and educational decisions of the minor children.

# CONCLUSION

Based on the foregoing the Parties are found in contempt of the Court's September 30, 2008 Interlocutory Decree. An award of attorney fees, together with any possible period of incarceration related to this finding, is hereby suspended pending a showing of the Parties' failure to comply with this order.

Plaintiff is entitled to a modification of his current child support obligation. This shall be determined by the Guam Superior Court Child Support Referee upon the presentation of the present incomes of each of the Parties, as well as the cost of private school tuition for the minor children and shall take effect *nunc pro tunc* as of June 14, 2013, the date that Plaintiff's request to modify support was filed. In this determination Defendant shall have imputed to her no less than an annual minimum wage income on Guam.

Prior to the complete termination of spousal support, Defendant shall be entitled to a reduced alimony support award of $500 each month for six months, from the date of this order. Following the completion of the six month period, Plaintiff's spousal support obligation arising herein shall cease.

SO ORDERED, this _8_ day of _April_, 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_Jeffrey Cook_

_S. Woodley_

Date: 4|8|14 Time: 4:20 pm

Deputy Clerk, Superior Court of Guam